# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANE DOE,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS, et al.,<br><br>              Defendants. | Case No. 2:19-cv-00382-GMN-BNW<br><br>**ORDER** |

      Before this court is Plaintiff's Motion to Proceed Anonymously. ECF No. 8. Defendant Cody Racine filed a Response. ECF No. 47. Defendants City of Las Vegas, Ruben Sanchez, James Suarez, Jonathan Cuff, Joseph Vanek, William McDonald, and Jon Stevenson ("City of Las Vegas Defendants") also filed a Response. ECF No. 52. Mario Rueda, Zach Yeoman and Jason Tullis filed a Joinder to Defendant Cody Racine's Response. ECF No 53. Plaintiff replied to the City of Las Vegas Defendants' response. ECF No. 59. Plaintiff replied to Defendant Cody Racine's response. ECF No. 60.

      Plaintiff claims she was subjected to sexual harassment, gender discrimination, and retaliatory tactics by the City of Las Vegas Fire and Rescue during her employment as a firefighter. Plaintiff alleges the City of Las Vegas Fire and Rescue permitted and participated in the distribution and viewing of a videotape during work hours which displayed Plaintiff engaging in sexual behavior. Plaintiff states she produced this videotape intending it be viewed only by her former boyfriend, who was also a firefighter at the City of Las Vegas Fire and Rescue. Plaintiff alleges that after they broke up, her now former boyfriend made this videotape available to other firefighters, who in turn propagated its dissemination and viewing.

      Plaintiff now requests to remain anonymous throughout the pendency of this litigation. The court denies the motion for the reasons stated below.

## I. Parties' positions

Plaintiff requests to proceed anonymously to avoid physical and economic retaliation. ECF 8 at 2. Plaintiff bases her fear of harm on her belief that someone intentionally shot at her car. *Id.* She also expresses concerns about the likelihood of being hired by another fire department should her identity be revealed. *Id.* at 5. In addition, she fears public condemnation based on the nature of the video involved in this case and notes the effect the distribution of this video has had on her personal and professional life. *Id.* at 3-5.

Defendants oppose the request and argue Plaintiff's perceived physical harm is merely conjecture and, in any event, rely on case law to suggest Plaintiff's claims do not rise to the necessary level of harm. ECF No. 47 at 5-6; ECF No. 52 at 3-4. Defendants also state the ways in which this case has caused personal embarrassment to them, and they point to acts Plaintiff undertook to put her case in the public eye. ECF No. 52 at 4-6.

## II. Analysis

Firmly embedded in the American judicial system is a presumption of openness in judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569-574 (1980) (describing the benefits of full access to the court system). That is why our court system has a default preference for openness, and parties are allowed to use pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir.2000) (citing *United States v. Doe*, 655 F.2d 920 (9th Cir. 1981) and *Doe v. Madison Sch. Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998)).

If such unusual or special circumstances exist, the district court has discretion to permit a party to remain anonymous so long as "the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity." *Id.* at 1068 (quotation omitted). The court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* (citing *James v. Jacobson*, 6 F.3d 233, 240-41 (4th Cir. 1993)). Finally, the court must decide "whether the public's interest in the case would be best served by requiring that

the litigants reveal their identities." *Id.* at 1068-69 (citing *Doe v. Stegall*, 563 F.3d 180, 185 (5th Cir. 1981)).

Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature"; and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Id.* (citations omitted).

### A. Protection from harassment, injury or personal embarrassment

Plaintiff claims there is a risk of both physical and economic harm if her identity is disclosed in this case. As discussed below, the court neither finds that Plaintiff's fear of physical harm is reasonable nor that she is vulnerable to retaliation. In addition, the consequences that could flow from any economic harm are not extraordinary in nature, as required by the Ninth Circuit. The court further finds that while the video involves personal and highly sensitive material, Plaintiff's steps to publicize the case and other actions she has endorsed are inconsistent with a desire to remain anonymous. These factors therefore weigh against allowing Plaintiff to proceed anonymously.

#### i. Physical harm

In cases in which a party seeks to proceed anonymously based on fear of physical retaliation, the court must balance "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability so such retaliation." *Id.* (citations omitted).

Plaintiff points to an incident in which a bullet hit her car on August 4, 2018, while it was parked at the fire station, to substantiate the argument that there is a severe risk of threatened physical harm. ECF No. 8 at 2, 5. Plaintiff fears this will not be an isolated incident should her name be revealed. *Id.* at 5.

Having one's car shot at is severe and could constitute a risk of retaliatory physical harm, so long as there is evidence to suggest that the act was indeed intended as such. It is hard for the court to conclude that the Plaintiff's fear is reasonable, however, given she has only provided

conclusory allegations that she was the intended target. In addition, Defendants point out that according to the Plaintiff's own complaint, her car was damaged because "someone in the nearby neighborhood shot a stray bullet into the air." ECF No. 47 at 6 (referencing ECF No. 1 ¶ 121). While the complaint also mentions that "no other cars were harmed or damaged," and that the "damage was done specifically to Plaintiff's car," neither of these facts further elucidate how this incident was intended to target the Plaintiff. ECF No. 1 ¶¶ 117, 121.

Courts that have analyzed the issue of reasonableness and allowed a party to remain anonymous have relied on much more than what plaintiff presents in this case. *Advanced Textile*, 214 F.3d at 1071 (noting that plaintiffs in that case were interrogated, warned against and threatened on numerous occasions, and noting the degree of collaboration by defendants in finding threats would be carried out); *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (relying on Petitioner's strong showing of risk of harm based on the affidavit of a highly-qualified correctional expert); *Jane Roes 1-2 v. SFBSC Mgmt. LLC*, 77 F. Supp. 3d 990, 995 (N.D. Cal. 2015) (noting defendants' concession that plaintiffs would be at risk of substantial risk of harm if they were to reveal their true identities). As a result, the court agrees with Defendants that, considering all surrounding facts, this incident cannot constitute the basis for fear of future retaliation. ECF No. 47 at 5.

In addition to finding that Plaintiff's fear of retaliation is not reasonable, Plaintiff has not pointed to any other acts since August 4, 2018 that she believes were retaliatory in nature. In addition, she no longer lives in Nevada, thereby further mitigating any potential vulnerability. ECF No. 52 at 7-8.

### ii. Economic harm

Plaintiff also argues that she fears economic retaliation if her identity is disclosed. ECF No. 8 at 2. She explains that her professional opportunities would be significantly decreased "because of the narrow field she works in." ECF No. 8 at 5. Defendants did not respond to this argument. ECF Nos. 52 and 60.

The Ninth Circuit addressed the issue of economic harm in *Advanced Textile* and made clear that extraordinary consequences are necessary for a party to be allowed to remain

anonymous. *Advanced Textile*, 214 F.3d at 1071. The court explained that "threats of termination and blacklisting are [ ] typical methods by which employers retaliate against employees who assert their legal rights . . . ." *Id.* Unlike the typical situation, the retaliation against the plaintiffs in *Advanced Textile* would have led to deportation, arrest and imprisonment in China. Here, at worst, Plaintiff faces the possible consequence of being blacklisted. That is precisely the type of scenario the Ninth Circuit explained would not suffice. *Id.* (comparing the facts of *Southern Methodist University Assoc. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979), to the facts of that case). The type of economic retaliation Plaintiff relies on is not sufficiently severe to warrant anonymity.

### iii.     Ridicule and personal embarrassment

Plaintiff also seeks anonymity to avoid harassment, ridicule and extreme personal embarrassment and public condemnation. ECF 8 at 3, 5. She mentions her sanity and social life have been affected since this incident, so much so that she has been unable to return to work. ECF No. 8 at 3-4. The Ninth Circuit has recognized these concerns as proper bases upon which to grant anonymity. *Advanced Textile*, 214 F.3d at 1067-68. Specifically, courts have recognized cases involving social stigmatization, *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981), and cases that fall within the area of human sexuality. *Jane Roes 1-2*, 77 F. Supp. 3d at 994.

The court agrees that the videotape in question could involve a highly personal and sensitive matter. But the surrounding facts of this case do not suggest the Plaintiff has taken precautions to preserve anonymity. Here, the Plaintiff purposefully availed herself of news media, broadcasting the case and putting it in the public eye. ECF No. 52 at 4-6. While her name was not used, she facilitated others' ability to learn of the existence of the case, including other fire departments where she may now seek employment. In this same vein, the evidence preservation letter Plaintiff sent identifies her by name. ECF No. 52 at 6. While the Plaintiff points out that having her name as part of an evidence preservations letter cannot be equated to disclosing her name to the public at large, the controlling fact is that her actions do not indicate the desire to maintain privacy. ECF No. 59 at 3-4.

## B. Prejudice to Defendants

Defendants ask the court to consider the attacks to their reputations, arguing that the Plaintiff's accusations include the commission of a felony offense. ECF No. 47 at 2-4, 9-10. In addition, Defendants note that these allegations are now part of a national blog dedicated to firefighters. ECF No. 52 at 6-7. All Defendants point out that Plaintiff wishes to be protected from embarrassment while subjecting them to it. ECF No. 47 at 9-10; ECF No. 52 at 7. While Defendants argue they will face adverse publicity as a result of this case, they do not explain how their case will be prejudiced if the Plaintiff is allowed to remain anonymous. *See Advanced Textile*, 214 F.3d at 1072 (specifically noting defendants' inability to mount a defense should plaintiff remain anonymous ); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (evaluating prejudice to petitioner within the context of the litigation); *Doe v. Kamehameha School*, 596 F.3d 1036, 1045 n.7 (9th Cir. 2010) (analyzing whether anonymity would hinder the defendants' standing defense). Instead, Defendants cite to *Doe v. Goldman*, 169 F.R.D. 138 (D. Nev. 1996), for the proposition that attacks to their reputations suffice for purposes of this analysis. ECF No. 47 at 9-10.

First, *Goldman* was decided prior to the Ninth Circuit's interpretation of the prejudice prong in *Advanced Textile*. Second, the court in *Goldman* also pointed to the effect that anonymity would have on defendants' ability to probe credibility. Given that Defendants do not articulate how Plaintiff's continued anonymity impacts their ability to mount a defense in the litigation, the court finds Plaintiff's anonymity does not prejudice the Defendants. This factor therefore weighs in favor of allowing Plaintiff to proceed anonymously.

## C. Public interest

Plaintiff argues her identity is not crucial to the resolution of this case. ECF No. 8 at 4. Specifically, she argues that remaining anonymous would not obstruct the public's ability to scrutinize the important issues in this case, which is truly where the public interest lies. *Id.* Defendants argue the public has a right to know who is accusing public entities of violating federal and state laws, and who is accusing individuals in the commission of crimes. ECF No. 47 at 11.

It is true that in many cases the importance of an action may not be linked to the identity of the party bringing a claim. In this case, however, the Plaintiff put the case in the public's eye, undermining the need to proceed anonymously and strengthening the public's interest in the case. Like in any other case, openness in judicial proceedings fosters the press' ability to research the litigants' backgrounds (which may bear on matters pertaining to credibility) and the potential motivations for suing. That information may be central to the public's broader understanding of the case. Allowing the Plaintiff to proceed without using her true name undermines these important values.

In sum, federal courts are courts of public record and the strong presumption is that the public has a right to know who is seeking what in court and whether he or she is entitled to the relief sought. The presumption can be overcome in unusual cases where anonymity is critical, which is not the case here. This factor therefore weighs against allowing Plaintiff to proceed anonymously.

**III.     Conclusion**

While there is no identifiable prejudice to Defendants in defending this case should the plaintiff be allowed to remain anonymous, Plaintiff cannot show that the need for anonymity in this case outweighs the public's interest in the proceedings. *See Advanced Textile*, 214 F.3d at 1068. This court is sympathetic to Plaintiff's concerns, but the facts of this case do not overcome the paramount importance of open courts. This court would fail its obligation to the public by allowing the Plaintiff to remain anonymous.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed anonymously (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff must file an amended complaint using her true identity no later than July 25, 2019.

DATED: June 25, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE