# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SADIE HELM,

        Plaintiff,

vs.

CITY OF LAS VEGAS, *et al.*,

        Defendants.

Case No.: 2:19-cv-00382-GMN-BNW

**ORDER**

Pending before the Court are the Motions to Dismiss the Complaint, (ECF Nos. 12, 63–64, 67), filed by Defendants City of Henderson, Mario Rueda, Jason Tullis, Zach Yeoman, Jarod Barto, and Cody Racine. Plaintiff Sadie Helm ("Plaintiff") filed Responses, (ECF Nos. 39, 80–81, 83), and the moving Defendants filed Replies, (ECF Nos. 58, 97, 107, 109).

Also pending before the Court are the Motions to Dismiss the First Amended Complaint, (ECF Nos. 111–112), filed by Defendants Mario Rueda, Jason Tullis, Zach Yeoman, and City of Henderson. Plaintiff filed Responses, (ECF Nos. 119–120), and the moving Defendants filed Replies, (ECF Nos. 123–124).

Also pending before the Court are Motions for Determination of Good Faith Settlement, (ECF Nos. 110, 122, 125), filed by Defendants Cody Racine, Nathan Hanning, and Jarod Barto.[1] Plaintiff filed Notices of Non-Opposition regarding the Motions, (ECF Nos. 116, 127–128).

---

[1] Barto has moved to reopen the case for the limited purpose of ruling on his Motion for Determination of Good Faith Settlement now that the Court has granted his Stipulation of Dismissal with prejudice, (*See* Mot. Reinstate Case Limited Purpose, ECF No. 130). The Court concludes that it has jurisdiction to rule on the Motion without reopening the case with respect to Defendant Barto. *See* Wright & Miller, Federal Practice and Procedure § 3523.2 ("Under [ancillary jurisdiction] a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as a tribunal."); *cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (indicating that a court needs an independent basis of jurisdiction to award damages or order specific performance for breach of a settlement agreement because enforcement requires "more than a continuation or

Also pending before the Court is Plaintiff's Motion for Determination of Good Faith Settlement, (ECF No. 134), regarding the settlement she reached with Defendants Mario Rueda, Jason Tullis, and Zach Yeoman. Those Defendants jointly filed a Notice of Non-Opposition, (ECF No. 135).

Also pending before the Court is the Motion for Determination of Good Faith Settlement, (ECF No. 137), filed by Defendant City of Henderson. Plaintiff filed a Notice of Limited Non-Opposition regarding the Motion, (ECF No. 138).

## I.  **BACKGROUND**

This case arises out of Plaintiff's allegations that a private, intimate video of her was circulated within the City of Henderson and City of Las Vegas fire departments in violation of her civil rights. (*See generally* Sec. Am. Compl., ECF No. 139). Plaintiff originally filed her Complaint as a Jane Doe on March 5, 2019, (*See* Compl., ECF No. 1). The Defendants moved to dismiss the Complaint or joined in motions for dismissal, (*See* Mots. Dismiss and Joinders, ECF Nos. 12, 63–64, 67–68, 71, 77). After Defendants prevailed in opposition to Plaintiff's Motion to Proceed Anonymously, (Order, ECF No. 96), Plaintiff filed an Amended Complaint under her own name, (First Am. Compl. ("FAC"), ECF No. 108). Many Defendants subsequently moved to dismiss the First Amended Complaint or joined in such Motions. (Mots. Dismiss FAC and Joinders, ECF Nos. 111–112, 114). Upon uncovering information in discovery relevant to joining an additional defendant, Plaintiff sought leave to file a Second Amended Complaint, (Mot. Am., ECF No. 131), which the Court granted after no party timely opposed the Motion, (Min. Order, ECF No. 136).

During the pendency of this litigation, Plaintiff has settled with several Defendants, and the settling parties seek orders from the Court determining that the settlements have been made

---

renewal of the dismissed suit . . . ."); *see, e.g.*, *Stanley v. Bertram-Trojan, Inc.*, 781 F. Supp. 218, 226 (S.D.N.Y. 1991) (reaching the question of whether a settlement was reached in good faith after the parties to the settlement had been dismissed with prejudice).

in good faith. (*See* Mots. Determination of Good Faith Settlement, ECF Nos. 110, 122, 125, 134, 137).

## II. DISCUSSION

The Court's below discussion first addresses the pending Motions to Dismiss before turning to the Motions for Determination of Good Faith Settlement.

### a. Motions to Dismiss

The Court finds that the pending Motions to Dismiss should be denied as moot. Generally, when an amended complaint coincides with a motion to dismiss a previous complaint, "the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (overruled on other grounds) (internal quotations omitted) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Put differently, the filing of an amended complaint moots any pending motions to dismiss earlier-filed complaints. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

All of Defendants' pending Motions to Dismiss seek dismissal of the original Complaint or the First Amended Complaint. (*See* Mots. Dismiss, ECF Nos. 12, 63–64, 67, 111–112). Plaintiff has since filed the Second Amended Complaint with leave of Court. (ECF No. 139). Therefore, the filing of the Second Amended Complaint mooted all the pending Motions to Dismiss because they seek dismissal of previously filed Complaints.

### b. Motions for Determination of Good-Faith Settlement

Under Nevada law, the determination of whether a settlement is in "good faith" under Nev. Rev. Stat. 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983) may be among the relevant facts a court may choose to consider in the exercise of its "considerable

discretion." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686–87 (Nev. 2004). Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927. However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol Chem. Corp.*, 811 P.2d at 563 (expressly declining to adopt the "California rule," contrary to the court's assumption in *MGM*).

The Court first considers the unopposed Motions for Determination of Good Faith Settlement regarding Plaintiff's agreements with Defendants Hanning, Barto, Rueda, Tullis, and Yeoman. Having considered the pertinent factors, the arguments presented in the instant Motions, and the lack of any opposition by any potentially affected parties, the Court finds that the settlements were made in good faith for purposes of Nev. Rev. Stat. 17.245. *See also* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

The Court next considers Plaintiff's Limited Opposition to Defendant City of Henderson's Motion for Determination of Good Faith Settlement. (*See* Lim. Opp., ECF No. 138). In Plaintiff's Opposition, she represents that "she does not oppose Defendant City of Henderson's request that the Court certify and acknowledge that the settlement . . . was made in good faith as defined in NRS 17.245." (*Id.* 2:6–8). Rather, she creates a record that "Plaintiff disagrees with Defendant City of Henderson's statements regarding Plaintiff's likelihood of success on the merits, Defendant's culpability or extent of involvement in the allegations at hand, and City of Henderson's statement that 'Henderson is settling for more than the case against it is reasonably worth as Henderson was not involved in either the dissemination of the

intimate video or the subsequent investigation into the dissemination of the video.'" (*Id.* 2:8–14) (quoting Mot. Determination of Good Faith Settlement 5:9–12, ECF No. 137).  Having considered the *MGM* factors, the Court concludes that the parties' settlement was made in good faith, and that City of Henderson's description of the facts of the case is not binding on the Court as litigation proceeds with the remaining Defendants.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motions to Dismiss the Complaint, (ECF Nos. 12, 63–64, 67), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Motions to Dismiss the First Amended Complaint, (ECF Nos. 111–112), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Motions for Determination of Good Faith Settlement, (ECF Nos. 110, 122, 125, 134, 137), are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Jarod Barto's Motion for Reinstatement of Case for Limited Purpose, (ECF No. 130), is **DENIED as moot**.

**DATED** this __16__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court